

Finally, Avery contends that his conviction of violation of bond terms was contrary to the law and evidence. We disagree. Avery was released pursuant to the provisions of the Bail Reform Act (18 U.S.C. § 3146) and was ordered to remain in the Eastern District of Virginia. Subsequently, Avery traveled to Jamaica and was arrested on his return to Miami, Florida. Finding no merit in Avery's contention that he possessed a round trip airplane ticket from the United States to Jamaica, we find substantial evidence to show a willful violation of bond terms and, consequently, the findings below will not be disturbed. See, *Bell*, supra.

We dispense with oral argument and the convictions below are

Affirmed.

Duard R. McDonald, John H. Moore, McDonald, Dupree, Channell & Rodriguez, Marietta, Ga., for defendants-appellants.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alvin G. CONNER and John P. Dyer, Jr., Defendants-Appellants.**

**No. 71-1222.**

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1971.

Rehearing Denied Oct. 29, 1971.

**Robert Lee KING, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1756**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.